IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 04-30016-HO |
| | ) | Civ. No. 05-3059-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CARLOS QUINONEZ-AISPURO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant pleaded guilty to one count of distribution of fifty or more grams of a mixture or substance containing a detectable amount of methamphetamine on July 26, 2004. The court sentenced defendant to a 60 month term of imprisonment. On February 9, 2005, defendant filed a notice of appeal, but on July 9, 2005, voluntarily dismissed his appeal. Defendant now moves to vacate and correct sentence pursuant to 28 U.S.C. § 2255.

Defendant asserts that he was denied effective assistance counsel at sentencing. Specifically defendant argues that the recent decision of Blakely v. Washington, 124 S.Ct. 2531 (2004) justifies a downward departure, that he is eligible for a safety valve reduction, and that he is eligible for downward departure as a consequence of his status as a deportable alien. Defendant maintains that his counsel misadvised and misrepresented the likely outcome of his plea presumably because counsel failed to seek the above departures.

To prevail on a claim of ineffective assistance of counsel, defendant must show both that his attorney's performance fell below an objective standard of reasonableness; and that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. Whether trial counsel is ineffective involves a mixed question of law and fact. See Crandell v. Bunnell, 144 F.3d 1213, 1216 (9th Cir. 1998); Moran v. Godinez, 57 F.3d 690, 699 (9th Cir. 1994).

Even if defendant's counsel had argued for additional departure factors, defendant's conviction was subject to a mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B)(viii). Therefore, defendant suffered no prejudice. Moreover, counsel did argue for

relief under the safety valve provision. In addition, defendant has failed to allege any facts showing that there were any grounds for the departure based on his alien status. Accordingly, defendant is not entitled to habeas relief.

## CONCLUSION

For the reasons stated above, defendant's motion for relief pursuant to 28 U.S.C. § 2255 (#150) is denied and this proceeding is dismissed.

DATED this 28th day of September, 2005.

*Michael R. Hogan*
United States District Judge